**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  06-cv-01571-REB-MJW

KAMAL OMER ALHASSAN,

    Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, Attorney General,
MICHAEL CHERTOFF, Secretary, Department of Homeland Security,
EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services,
MARIO ORTIZ, District Director, Denver District Office, USCIS, and
ROBERT MUELLER, III, Director, Federal Bureau of Investigations,

    Respondents/Defendants.

---

**ORDER RE: MOTION TO DISMISS OR TO REMAND
TO THE FEDERAL BUREAU OF INVESTIGATION AND TO
CUSTOMS AND IMMIGRATION SERVICES FOR FURTHER
PROCESSING OR HOLD IN ABEYANCE**

---

**Blackburn, J.**

The matter before me is respondents' **Motion to Dismiss or to Remand to the Federal Bureau of Investigation and to Customs and Immigration Services for Further Processing or Hold in Abeyance** [#6], filed October 12, 2006.  I deny the motion to dismiss and the motion to hold in abeyance, but grant the motion to remand with instructions.

Petitioner, a citizen of Sudan and a lawful permanent resident of the United States, filed an application for naturalization on August 5, 2005, and was interviewed by the United States Customs and Immigration Service ("USCIS") on December 8, 2005.  However, USCIS has not yet adjudicated petitioner's application because the FBI name

check has not yet been processed, which, in turn, is necessary for USCIS to complete its security background checks. Petitioner, therefore, filed this action on August 9, 2006, seeking an order in mandamus to require the USCIS to hold a hearing on his petition for naturalization

Petitioner brings this suit under 8 U.S.C. § 1447(b), which provides,

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Respondents claim that this court lacks jurisdiction under this section because the "examination" contemplated thereby is not complete until all security background checks have been completed. As respondents acknowledge, however, with but a single exception, *see Danilov v. Aguirre*, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005), this insular interpretation of the statute has been rejected by every federal district court that has considered it. **See Khelifa v. Chertoff**, 433 F.Supp.2d 836, 841 (E.D. Mich. 2006); **Meyersiek v. United States Citizenship and Immigration Service**, 2006 WL 1582397 at *3 (D.R.I. June 6, 2006); **Daami v. Gonzalez**, 2006 WL 1457862 at *5 (D.N.J. May 22, 2006); **Al-Kudsi v. Gonzales**, 2006 WL 752556, at *2 (D. Or. Mar. 22, 2006); **Shalan v. Chertoff**, 2006 WL 42143, at *1 (D. Mass. Jan. 6, 2006); **Essa v. United States Citizenship and Immigration Services**, 2005 WL 3440827 at *2 (D. Minn. Dec. 14, 2005); **El-Daour v. Chertoff**, 417 F.Supp.2d 679, 681 (W.D. Pa. 2005).

These courts agree that the term "examination" in section 1447(b) refers to the examination interview, not the entire examination process, as respondents would have it.[1] I find no reason to depart from this well-reasoned authority, which comports with the plain language of the statute. Accordingly, I find that I have jurisdiction over this matter.

Section 1447(b) allows the district court to "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Respondents ask me, in the alternative, to remand this case. I find this to be the most judicious course of action in this matter. Petitioner does not object in principle to this solution, although he does ask me to set "a reasonable but firm deadline for completion of the background checks and adjudication process." Respondents have proposed that the matter be remanded with directions to the FBI to complete its name check within 60 days and further directions to the USCIS to make a determination as to petitioner's application within an additional 60 days. I find this to be an entirely reasonable proposal.

**THEREFORE, IT IS ORDERED** as follows:

1. That respondents' **Motion to Dismiss or to Remand to the Federal Bureau of Investigation and to Customs and Immigration Services for Further Processing or Hold in Abeyance** [#6], filed October 12, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

---

[1] Moreover, USCIS regulations, which require the examination interview to be held only after a full criminal background check has been completed, *see* 8 C.F.R. § 335.2(b), do not allow the USCIS to unilaterally toll petitioner's rights under section 1447(b) simply because it conducts the interview before all necessary security checks have been completed. *See Daami*, 2006 WL 1457862 at *4; *Ibrahim v. Department of Homeland Security*, 2005 WL 2230152 at *3 (S.D. Tex Sept. 13, 2005).

    2.  That the motion is **GRANTED** with respect to respondents' motion to remand;

    3.  That in all other respects the motion is **DENIED**;

    4.  That this matter is **REMANDED** to the United States Customs and Immigration Service as contemplated by 8 U.S.C. § 1447(b);

    5.  That the Federal Bureau of Investigation is **ORDERED** to complete the required name check of petitioner within 60 days of the date of this order; and

    6.  That the United States Customs and Immigration Service is **ORDERED** to adjudicate petitioner's application for naturalization within 60 days of its receipt of the name check from the FBI.

Dated December 7, 2006, at Denver, Colorado.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**