**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  06-cv-01571-REB-MJW

KAMAL OMER ALHASSAN,

      Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, Attorney General,
MICHAEL CHERTOFF, Secretary, Department of Homeland Security,
EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services,
MARIO ORTIZ, District Director, Denver District Office, USCIS, and
ROBERT MUELLER, III, Director, Federal Bureau of Investigations,

      Respondents/Defendants.

## ORDER RE: DEFENDANTS' SECOND MOTION
## TO DISMISS BASED ON MOOTNESS

**Blackburn, J.**

The matter before me is **Defendants' Second Motion To Dismiss Based on Mootness** [#18], filed December 19, 2006.  I grant the motion.

On December 7, 2006, I ordered this matter remanded to the U.S. Customs and Immigration Service ("USCIS") pursuant to 8 U.S.C. § 1447(b) with orders that the FBI complete the required name check within 60 days and further that USCIS adjudicate petitioner's application for naturalization within 60 days of its receipt of the results of the name check.  Eight days later, USCIS approved petitioner's application for naturalization.  Respondents now move to dismiss this case as moot.

Petitioner objects on the ground that his claims for declaratory relief and attorney's fees remain for adjudication.[1]  Neither of these matters prevents dismissal when, as here, the substantive claim has been rendered moot.  **See Wirshing v. Colorado**, 360 F.3d 1991, 1996 (10th Cir. 2004) (request for declaratory relief mooted when "'the entry of a declaratory judgment . . . in [plaintiff's] favor would amount to nothing more than a declaration that he was wronged'") (quoting **Green v. Branson**, 108 F.3d 1296, 1299 (10th Cir. 1997)); **Utah Animal Rights Coalition v. Salt Lake City Corp**., 371 F.3d 1248, 1269 (10th Cir. 2004) (noting that while "'the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred,' . . . a live claim for attorneys fees does not prevent the case from becoming moot") (quoting **Dahlem v. Board of Education of Denver Public Schools**, 901 F.2d 1508, 1511 (10th Cir. 1990)).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Second Motion To Dismiss Based on Mootness** [#18], filed December 19, 2006, is **GRANTED**;

2. That plaintiff's request for declaratory relief is **DISMISSED AS MOOT**;

3. That judgment **SHALL ENTER** on behalf of plaintiff, Kamal O. Alhassan, and against defendants, as to plaintiff's substantive claim for relief pursuant to 8 U.S.C. § 1447(b);

---

[1] To the extent plaintiff's response can be read to request that I grant his request for declaratory relief (**see Petitioner's Reply to Defendants' Second Motion To Dismiss Based on Mootness** at 2, ¶3 [#19], filed January 8, 2007), such request is procedurally improper, **see D.C.COLO.LCivR** 7.1C ("A motion shall not be included in a response . . . to the original motion.").

4.  That plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5.  That any request for attorney's fees in this matter shall be marshaled and presented in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2), D.C.COLO.LCivR 54.3, and 28 U.S.C. § 2412.

Dated May 16, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**